1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| EUGENE MAYNARD REMUND, | CASE NO. 12-cv-736 JLS (JMA) |
| Petitioner, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) OVERRULING PETITIONER'S OBJECTIONS; (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (4) DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| J. TIM OCHOA, Warden, | |
| Respondent. | (ECF No. 10) |

18        Presently before the Court is Magistrate Judge Adler's Report and
19   Recommendation ("R&R") recommending that the Court deny Petitioner Eugene
20   Maynard Remund's ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").
21   (ECF No. 10.)  Also before the Court are the Petition (ECF No. 1) and Petitioner's
22   Objections to the R&R (ECF No. 17).  Having considered Petitioner's arguments and
23   the law, the Court (1) **ADOPTS** the R&R, (2) **OVERRULES** Petitioner's Objections,
24   (3) **DENIES** the Petition, and (4) **DENIES** a certificate of appealability.

25                              **BACKGROUND**

26        Magistrate Judge Adler's R&R provides a thorough and accurate summary of the
27   factual and procedural background in this case.  (*See* R&R 3–5, ECF No. 10.)
28   Accordingly, this Order incorporates by reference the facts as set forth therein.

12cv0736

**LEGAL STANDARD**

**I.     Review of the Report and Recommendation**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R.  The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).  However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72, advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**II.    Cognizable Claim for Relief**

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal intervention in state court proceedings is only justified when there are errors of federal law.  *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).  Accordingly, courts reviewing federal habeas petitions are bound by a state's interpretation of its own laws.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal habeas petitions filed after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997).  AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to or involved an unreasonable application of clearly established federal law, as

1   determined by the Supreme Court of the United States," or "was based on an
2   unreasonable determination of the facts in light of the evidence presented in the State
3   court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to"
4   clearly established federal law if it (1) applies a rule that contradicts governing Supreme
5   Court authority, or (2) "confronts a set of facts that are materially indistinguishable
6   from" a Supreme Court decision but reaches a different result. *Early v. Packer*, 537
7   U.S. 3, 8 (2002) (internal quotation marks omitted) (citation omitted). An
8   "unreasonable" application of precedent "must have been more than incorrect or
9   erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S.
10  510, 520–21 (2003).

11                          **SUMMARY OF R&R'S CONCLUSIONS**

12          Magistrate Judge Adler's R&R concludes that Petitioner fails to make out any
13  cognizable claims for federal habeas corpus relief, and accordingly he recommends that
14  the Court deny the Petition. (R&R 24, ECF No. 10.)

15          Regarding Petitioner's first claim, which alleges an abuse of judicial discretion,
16  Magistrate Judge Adler determined that Petitioner is not entitled to relief because his
17  claim is premised on the judgment of the California Court of Appeal, which applied
18  state sentencing law. (*Id.* at 14.) Incorrect application of state sentencing law, however,
19  does not raise a claim for federal habeas relief. (*Id.*) Accordingly, the R&R
20  recommends that this claim be denied. (*Id.* at 15.)

21          Regarding Petitioner's second claim, which alleges an improper imposition of the
22  upper-term sentence, Magistrate Judge Adler found that, because a jury would doubtless
23  have determined each judicially found aggravating circumstance to be true, the upper
24  term was justifiable. (*Id.* at 20–21.) Magistrate Judge Adler further resolved that the
25  imposition of the upper term would have been proper if any one of the three aggravating
26  circumstances were found true. (*Id.* at 21.) Thus, the sentence's reliance on judicially
27  found aggravating circumstances had no substantially injurious effect on Petitioner.
28  (*Id.*) Accordingly, the R&R recommends that Petitioner's second claim also be denied.

1  (*Id.*)

2      Finally, regarding Petitioner's third claim, which alleges ineffective assistance

3  of counsel, Magistrate Judge Adler determined that Petitioner's trial counsel was not

4  constitutionally ineffective because Petitioner did not show any reasonable probability

5  that his attorney's failure to object to either Petitioner's sentencing or his denial of

6  probation would have resulted in a different outcome.  (Id. at 22.)  Magistrate Judge

7  Adler therefore concluded that the California Supreme Court's denial of Petitioner's

8  ineffective assistance of counsel claim was not an unreasonable application of the

9  ineffective assistance doctrine.  (*Id.* at 24.)  Accordingly, the R&R recommends that

10  Petitioner's third claim be denied.  (*Id.*)  Finding all three claims deficient, Magistrate

11  Judge Adler urges the Court to deny Petitioner's petition.  (*Id.*)

## ANALYSIS

13      Petitioner's Objections essentially repeat the substantive arguments asserted in

14  his Petition and considered in the R&R.  (*See generally* Objs. to R&R, EFC No. 17.)

15  Nevertheless, the Court liberally construes the Objections and addresses each in turn.

## I.    Abuse of Discretion

17      Petitioner is not entitled to relief on his abuse-of-discretion claim because he

18  erroneously relies on an allegedly incorrect application of state law by the California

19  Court of Appeal.  A prisoner is only entitled federal habeas relief is he is held "in

20  custody in violation of the Constitution or laws or treaties of the United States."  28

21  U.S.C. § 2254.   A claimant may not obtain federal habeas relief by simply

22  "challeng[ing] the correctness" of an application of state law.  *Engle v. Isaac*, 456 U.S.

23  107, 119 (1982); *see also Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir.1993)

24  (finding no cognizable claim due to lack of valid Constitutional challenge); *King v.

25  White*, 839 F. Supp. 718, 728–29 (C.D. Cal. 1993); *Howard v. Craven*, 306 F. Supp.

26  730, 732 (C.D. Cal. 1969) ("Matters relating to sentencing and serving of a sentence are

27  governed by State law and do not raise a Federal constitutional question.").

28      Petitioner claims that the trial court failed to take his advanced age into

consideration when it determined his sentence, which he alleges amounts to an abuse of discretion.  (Objs. to R&R 4, ECF No. 17.)  Petitioner cites to *People v. Lamb*, 253 Cal. Rptr. 465 (Ct. App. 1988), in arguing that the trial court acted irrationally and arbitrarily in imposing the upper sentence.  (Objs. to R&R 4, ECF No. 17.)  *Lamb*, however, is inapposite.  Petitioner's claim is premised on an interpretation of California State law.  Because Petitioner only "challenge[s] the correctness" of an application of state law, he fails to state a cognizable claim for relief.  *Engle*, 456 U.S. at 119. Accordingly, the Court **ADOPTS** the R&R's recommendation that Petitioner's abuse-of-discretion claim be **DISMISSED**.

## II.   Sixth Amendment Violation Due to the Upper-Term Sentence

Petitioner is not entitled to federal habeas relief on his Sixth Amendment claim because the trial court's reliance on judicially found aggravating circumstances in imposing the upper term sentence did not have a substantial and injurious effect on Petitioner's sentence.  Petitioner argues that the court's reliance on judicially found factors violated his Sixth Amendment right to have every fact elevating his potential maximum prison term be found by a jury beyond a reasonable doubt.  (Objs. to R&R 4–6, ECF No. 17.)  *See Cunningham v. California*, 549 U.S. 270, 288–89 (2007) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Petitioner raised this claim in the California Court of Appeal, and the court declined to review it.  (Lodgment No. 8 at 1, 10, ECF No. 7-9.)  The claim was then brought before the California Supreme Court, which denied it without comment. (Lodgment No. 10, ECF No. 7-11.)  Due to the California Supreme Court's lack of comment, the Court must conduct an independent review of the record to determine if "the state court clearly erred in its application of controlling federal law."  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

Any fact—other than a prior conviction—that increases the sentence for a crime

beyond the statutory maximum must be proved beyond a reasonable doubt by a jury. *See, e.g.*, *Cunningham*, 549 U.S. at 288–89; *Blakely v. Washington*, 542 U.S. 296, 303 (2004); *Apprendi*, 530 U.S. at 490.  In order for a court's error in applying this standard to merit federal habeas relief, however, it must have had a substantial and injurious effect on Petitioner's sentence.  *See Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (stating that courts apply the harmless error standard when reviewing whether grant of the upper term, without being proved by a jury beyond a reasonable doubt, violates the Sixth Amendment).  "Under that standard, [the court] must grant relief if [it is] in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt."  *Id.* (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).  "Grave doubt exists when, 'in the judge's mind, the matter is so evenly balanced that he feels [evenly balanced] as to the harmlessness of the error.'"  *Id.* (quoting *O'Neal*, 513 U.S. at 435).

On the other hand, an upper term in violation of the Sixth Amendment constitutes harmless error, and the federal habeas claim should be denied, when the jury nonetheless would have found, beyond a reasonable doubt, evidence to support the upper term.  For example, in *Estrella v. Ollison*, petitioner Jose Estrella was convicted of kidnapping in violation of California Penal Code § 207.  668 F.3d 593, 596 (9th Cir. 2011).  The court awarded Estrella the upper term of eight years, citing four aggravating factors.  *Id.*  One of the aggravating factors was that Estrella had been on parole at the time of the crime.  *Id.*  Estrella argued that this factor should have been proven beyond a reasonable doubt by a jury and not by the court.  *Id.* at 597.

The Ninth Circuit Court of Appeals held that, while there was a Sixth Amendment violation, the error was harmless, and thus affirmed the district court's denial of habeas relief.  *Id.* at 600–01.  The district court was able to pull up a basic "probation report" showing that Estrella was on probation during the commission of the crime.  *Id.* at 600.  Thus, there was no grave doubt that a jury would have found the aggravating factor of parole violation beyond a reasonable doubt.  *Id.*

1       Here, the trial court's reliance on judicially found aggravating factors in imposing

2   the upper term was an error in violation of the Sixth Amendment.   California Rule of

3   Court 4.421(a) provides a list of circumstances in aggravation, including whether: "(1)

4   [t]he victim was particularly vulnerable; . . . (8) [t]he manner in which the crime was

5   carried out indicates planning, sophistication, or professionalism; [and] (9) [t]he crime

6   involved an attempted or actual taking or damage of great monetary value."   The trial

7   court cited all three of these enhancements in imposing the upper term.   (Lodgment No.

8   11, vol. 6, at  35–56, ECF No. 7-18.)   The Court will now examine each aggravating

9   factor to determine whether or not the error was harmless.

10      First, a jury would have found beyond a reasonable doubt that the "particularly

11  vulnerable" factor existed because the record clearly indicates the vulnerability of

12  Petitioner's victims.   The California Supreme Court has stated that "particularly means

13  in a special or unusual degree, to an extent greater than in other cases.   Vulnerab[le]

14  means defenseless, unguarded, unprotected, accessible, assailable, one who is

15  susceptible to the defendant's criminal act." *People v. DeHoyos*, 303 P.3d 1, 57 (2013)

16  (citation, internal quotation marks, and alterations omitted).   In the case at bar, the

17  victims were three women who were asleep in their homes when Petitioner started fires

18  in their garages.   (Lodgment No. 8 at 2, ECG No. 7-9.)   That the victims were asleep

19  made them especially susceptible to Petitioner's criminal act.   Furthermore, Petitioner

20  cut one of the victims' water hose, which prevented her from putting out the fire.   (*Id.*

21  at 3.)   Thus, the Court exercises no grave doubts that the jury would have found beyond

22  a reasonable doubt that the victims were particularly vulnerable.

23      Second, a jury would have found beyond a reasonable doubt that the manner in

24  which the crime was carried out showed planning.   Petitioner prepared two signs to

25  hang outside the victims' houses, filled several containers with gasoline, modified a bolt

26  gun, and recorded audio tapes that explicitly stated his plan to burn the garages.   (*Id.* at

27  2.)   Petitioner stated in court that he had wanted to "make a big scene."   (Lodgment No.

28  11, vol. 5, at  31–32, ECF No. 7-17.)   In light of this evidence and testimony, the Court

1   exercises no grave doubts that the jury would have found beyond a reasonable doubt

2   that the crime was planned.

3        Finally, a jury would have found beyond a reasonable doubt that the "damage of

4   great monetary value" factor existed.  Gale Remund informed the probation officer that

5   her home suffered almost $200,000 in damages.  (Lodgment No. 1 at 145, ECF No. 7-

6   2.)  Her daughter also testified that she suffered hundreds of thousands of dollars in

7   damages to her home and personal items.  (Lodgment No. 11, vol. 6, at 27, EFC No. 7-

8   18.)  Thus, the Court exercises no grave doubts that the jury would have found beyond

9   a reasonable doubt that Petitioner caused "damage of great monetary value."

10       In light of the foregoing, the Court has no doubt that a jury would have found

11  each of the aggravating factors to be true beyond a reasonable doubt.  Thus, the trial

12  court's reliance on judicially found factors in imposing the upper term did not have a

13  substantial and injurious effect on Petitioner's sentence.  Accordingly, the Court

14  **ADOPTS** the R&R's conclusion that Plaintiff's claim in this regard be **DENIED.**

15  **III.   Ineffective Assistance of Counsel**

16       Petitioner is not entitled to federal habeas relief on his claim of ineffective

17  assistance of counsel because his counsel's performance was not deficient.  In order to

18  prove ineffective assistance of counsel, "the [petitioner] must [first] show that counsel's

19  performance was deficient. This requires showing that counsel made errors so serious

20  that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

21  Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A court "must

22  apply a strong presumption that counsel's representation was within the wide range of

23  reasonable professional assistance."  *Premo v. Moore*, 131 S. Ct. 733, 739 (2011)

24  (citations omitted) (internal quotation marks omitted).  Counsel is constitutionally

25  obligated to consult with the petitioner if he believes a rational petitioner would want

26  to appeal or if the petitioner specifically demonstrates a desire to appeal.  *See Roe v.*

27  *Flores-Ortega*, 528 U.S. 470, 480 (2000).  However, an attorney's failure to so consult

28  is not per se unreasonable.  *Id.* at 481.

12cv0736

"Second, the [petitioner] must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show a *reasonable* probability that the proceeding would have been different if not for counsel's errors. *Id.* at 694.  A court must deny a claim of ineffective assistance of counsel unless the petitioner can establish both deficient performance and prejudice of defense. *Id.* at 687.  Thus, this Court need not address both prongs of the Petitioner's ineffective assistance claim if he "makes an insufficient showing on one." *Id.* at 697.

Because the California Supreme Court did not explain its denial of Petitioner's ineffective assistance of counsel claim, the Court must conduct an independent review of the record to determine if "the state court clearly erred in its application of controlling federal law." *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  Because the Court finds that Petitioner fails to establish the first prong of deficient performance, the Court will not address the second prong of the *Strickland* test.

Petitioner has not shown that counsel's performance was outside of the "wide range of reasonable professional assistance" and thus deficient. *Premo*, 131 S. Ct. at 739 (internal quotation marks omitted).  Petitioner claims that his counsel's failure to object to his sentence was unreasonable, either because it resulted in imposition of the upper term or because it failed to preserve that issue on appeal.[1]  (Pet. 18–19, ECF No. 1.)  He further contends that counsel's lack of objection was not "tactical" and was therefore unreasonable. (*Id.* at 19.)  However, Petitioner's argument lacks merit, as the "question is not whether counsel's choices were [tactical], but whether they were reasonable." *Flores-Ortega*, 528 U.S. at 481.  The mitigating evidence Petitioner wished to assert on appeal was considered by the trial court, so counsel may have reasonably determined that the requested objection was superfluous.  (Lodgment No.

---

[1] Petitioner does not explicitly state that counsel was unreasonable, but it can be inferred from the Petition.

8, at 6–7, ECF No. 7-9.)

In addition, while Petitioner has since shown a desire to appeal his sentence, he has not shown that he expressed that desire to counsel at the relevant time. *See Flores-Ortega*, 528 U.S. at 485 (stating that a defendant's reasonable demonstration of willingness to appeal may make it unreasonable for counsel to not appeal). While the trial court should have let the jury decide the aggravating factors, this Court's analysis establishes that the judicially found factors were not unreasonable. Having heard the evidence, counsel may have thought the sentence was not unfair or that objection was frivolous. *See People v. Jones*, 100 Cal. Rptr. 3d 780, 786 (Ct. App. 2009) (holding that an attorney's failure to object to imposition of an upper term sentence was not ineffective assistance because counsel may have had a valid reason not to object). The law does not require counsel to raise every nonfrivolous claim. *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009).

Granting deference to counsel, as it must, the Court finds that counsel did not act outside of the wide range of reasonability. Thus, counsel's performance was not deficient under the Sixth Amendment, and therefore Petitioner has not successfully argued a claim of ineffective assistance of counsel. Accordingly, the Court **ADOPTS** the R&R's determination that Petitioner's claim in this regard be **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

The Court is obliged to determine whether a certificate of appealability ("COA") should issue in this matter. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petitioner's claims have been denied on the merits, as here, a petitioner can meet the threshold "substantial showing of the denial of a constitutional right" by demonstrating that: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v.*

*Estelle*, 463 U.S. 880 (1983)).

Here, the Court finds that no reasonable jurist could disagree with this Court's resolution of Petitioner's constitutional claims and denial of the Petition. First, Petitioner failed to establish his abuse-of-discretion claim because it implicates neither federal law nor the Constitution. Second, Petitioner failed to show that the trial court's reliance on judicially found aggravating factors in imposing the upper-term sentence had a substantial and injurious effect on him. Finally, Petitioner failed to establish his claim of ineffective assistance of counsel because his counsel's actions were reasonable, and therefore his performance was not deficient. Thus, Petitioner has failed to make a colorable showing of entitlement to relief on any of his habeas claims, and the evidence in the record supports the trial court's actions. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

For the reasons stated above, the Court (1) **ADOPTS** the R&R, (2) **OVERRULES** Petitioner's Objections, (3) **DENIES** the Petition, and (4) **DENIES** a COA. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED:  February 10, 2014

Honorable Janis L. Sammartino
United States District Judge

12cv0736